UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                        Case No. 15-CR-84

MAURICE D. CURTIS.,

          Defendant.

## ORDER

Currently before the court are two motions filed by defendant Maurice D. Curtis.

The first is captioned as a "Demand for Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b), 807, and 609." Rule 807 requires "reasonable notice" to an adverse party of an intent to rely upon the residual hearsay exception. No motion or demand is necessary to trigger this obligation. Likewise, under Rule 609, a proponent seeking to introduce evidence of a criminal conviction that is more than 10 years old must give the "adverse party reasonable written notice of the intent to use it…." As with Rule 807, the obligation under Rule 609 is automatic; no motion is required. Rule 404(b) requires a prosecutor intending to rely upon crimes, wrongs, or other acts evidence to provide "reasonable notice" to a defendant if the defendant requests it. The

prosecutor's obligation is automatic upon the defendant's request; no motion is required and a "request" should not be filed as a motion. *United States v. Stuart*, 2011 U.S. Dist. LEXIS 41425 (E.D. Wis. Apr. 6, 2011) (noting that a request under Rule 404(b) is not properly made by way of a motion).

Thus, it was unnecessary for Curtis to file a motion to obtain any of this information. His motion shall be deemed the requisite "request" under Rule 404(b).

However, Curtis requests disclosure by a specific deadline – 35 days before trial. The Rules contain no such deadline; they only require that notice of the disclosure be "reasonable." If the only dispute is the timing of disclosure, ordinarily the parties are expected to attempt to resolve the dispute amongst themselves before a party files a motion. Here, Curtis offers no explanation as to why disclosure 35 days before trial is necessary. The government has stated its intent to provide notice as required under Rules 404(b), 609, and 807 not less than 15 days before trial. In the absence of any explanation from Curtis as to why the government's proposal is not reasonable, the court shall order disclosure to occur not later than 15 days before the scheduled commencement of trial.

Curtis also filed a "Motion for Preservation of Law Enforcement Notes and Other Evidence and to Identify Destroyed Documents or Evidence." (ECF No. 12.) This likewise appears to be a motion that could have been avoided had the parties discussed it before filing. The government responds that it has already directed its case agents to

preserve their notes and that it intends to comply with the request for disclosure of any destroyed documents or evidence. (ECF No. 14.) Curtis has not replied.

**IT IS THEREFORE ORDERED** that Curtis's motion for disclosure (ECF No. 11) is granted to the extent that any required notice shall occur not less than 15 days before the scheduled commencement of trial.

**IT IS FURTHER ORDERED** that Curtis's motion to preserve evidence (ECF No. 12) is denied as moot with respect to the preservation of agents' notes and granted with respect to the government's disclosure of destroyed documents or evidence.

Dated at Milwaukee, Wisconsin this 2nd day of July, 2015.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge